# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANNY McLAIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** |
| v. ) | **2:07-cv-1080-JEO** |
| ) | |
| **LIBERTY NATIONAL LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

In this action, Danny McLain (the "plaintiff") brings claims against Liberty National Life Insurance Company (hereinafter "Liberty National") pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; the Alabama Age Discrimination in Employment Act ("AADEA"), Ala. Code 1975, § 25-1-20 through -29; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq.; and under Alabama state law for the tort of outrage and for negligent hiring, training, supervision and retention. The cause was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b), who filed a Report and Recommendation (Doc. 36) in which he recommends that the court grant the defendant's motion for summary judgment (Doc. 21), deny two motions to strike filed by the plaintiff (Docs. 34 and 35), and grant in part and deny in part a motion to strike filed by Liberty National (Doc. 32). The cause is now before the court on objections filed by the plaintiff to the magistrate judge's Report and Recommendation. (Doc. 38).

Upon review of the plaintiff's objections, the court finds that a discussion is warranted on

only one issue, which was not addressed by the magistrate judge in his Report and Recommendation.  Namely, the plaintiff contends that the magistrate judge's analysis of the plaintiff's ADEA claim, in which the plaintiff was required, at the "third" stage of the *McDonnell Douglas/Burdine*[1] "burden-shifting" analysis, to point to evidence in the record sufficient to indicate that Liberty National's proffered reason for his discharge was a pretext for age discrimination, is contrary to the Supreme Court's recent decision in *Gross v. FAL Financial Services, Inc.*, 557 U.S. ___, 129 S.Ct. 2343 (June 18, 2009).  (Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Pl. Obj.") at 1-2).  The court concludes, however, that the plaintiff's reliance on *Gross* is entirely misplaced.

*Gross* addresses the issue of whether a burden-shifting framework applicable in "mixed-motives" cases brought under Title VII of the Civil Rights Act ("Title VII"), first developed in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), also applies to claims under the ADEA.  The Court explained:

> In *Price Waterhouse*, a plurality of the Court and two Justices concurring in the judgment determined that once a "plaintiff in a Title VII case proves that [the plaintiff's membership in a protected class] played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken [that factor] into account." 490 U.S., at 258, 109 S.Ct. 1775; *see also id.*, at 259-260, 109 S.Ct. 1775 (opinion of White, J.); *id.*, at 276, 109 S.Ct. 1775 (opinion of O'Connor, J.).

*Gross*, 129 S.Ct. at 2349; *see also* 42 U.S.C. § 2000e-2(m) (subsequently amending Title VII to provide that an unlawful employment practice is established where "race, color, religion, sex, or national origin" is "a motivating factor" for adverse job action); 42 U.S.C. § 2000e-5(g)(2)(B)

---

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

(restricting the remedies available to plaintiffs proving only violations of § 2000e-2(m)).  The *Gross* Court found that such an approach is not applicable to ADEA claims.  Rather, the Court held that "the burden necessary to establish employer liability is the same in alleged mixed-motives cases as in any other ADEA disparate-treatment action."  *Gross*, 129 S.Ct. at 2351.  Namely, at all times throughout the litigation, "the plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action."  *Id.*

       The plaintiff asserts that, under *Gross*'s holding that "the *Price Waterhouse* burden-shifting framework does not apply to the ADEA at all, ... it was reversible error for this court to require the plaintiff to disprove the defendant's pretextual reasons for his termination after proving a prima facie case of age discrimination." (Pl. Obj. at 1-2).  The plaintiff's argument, however, misapprehends the different evidentiary contexts and types of "burden shifting" at issue in *Price Waterhouse* and *Gross* on the one hand and in *McDonnell Douglas* and *Burdine* on the other.  The former two cases involved evidence of "mixed," that is, both legitimate and illegitimate, motives, each playing some role in the employment decision.  The "burden" being discussed therein as "shifting" is one of "*persuasion*," *i.e.*, which party loses if it fails to convince the factfinder that the evidence presented establishes the truth of some essential proposition.  *See Price Waterhouse*, 490 U.S. at 245-46; *see also Schaffer v. Weast*, 546 U.S. 49, 56 (2005) (discussing the differences between the "burdens" of "proof," "production," and "persuasion").  Specifically, under *Price Waterhouse*, a plaintiff could establish an unlawful employment practice by carrying an initial burden of persuasion to convince the jury by the evidence that a prohibited consideration was "a motivating" factor in the decision, but the employer could escape liability pursuant to an affirmative defense, whereby it might carry a

shifted burden of persuasion to convince the jury that it still would have been motivated to make the same decision based on other permissible factors. *See* 490 U.S. at 245-46.

By contrast, *McDonnell Douglas* and *Burdine* "'establish[ ] an allocation of the burden of *production* and an order for the presentation of proof in ... discriminatory-treatment cases." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506 (1993)) (emphasis added). This framework was originally developed in disputes in which the evidence supported that "*the* 'true reason'" was *either* a legitimate one *or* an unlawful, discriminatory one. *See Price Waterhouse*, 490 U.S. at 246-47. Under the framework, the plaintiff must first establish a "prima facie" case of discrimination. *See Burdine*, 450 U.S. at 253-54. Once the plaintiff does so, the defendant assumes a burden of production, to offer evidence reasonably indicating that it made the employment decision for a non-discriminatory reason. *See id.* at 254-55. Then, at the third and final stage, "the plaintiff ... must be afforded the 'opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves*, 530 U.S. at 143 (quoting Burdine, 450 U.S. at 253). It is unmistakable that a burden is, in fact, cast here upon the plaintiff to produce evidence, which may include the evidence already produced as part of the "prima facie" case, sufficient to indicate pretext. *See id.* at 147-48; *see also Martin v. Brevard County Public Schools*, 543 F.3d 1261, 1268 (11th Cir. 2008) ("[T]he employee *must then show* that the employer's proffered reason was pretextual by *presenting evidence* sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." (internal quotation marks and citation omitted, emphasis added)). However, the

*McDonnell Douglas/Burdine* analysis does not involve any shift in the burden of *persuasion* with regard to the issue of discrimination: "Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas/Burdine*] framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 253).

      The magistrate judge's analysis and allocation of the relevant evidentiary burdens adhere to the foregoing teachings of *McDonnell Douglas* and its progeny and are in no way inconsistent with *Gross*. The plaintiff has never argued that this is a mixed-motives case or that a *Price Waterhouse* analysis might somehow apply. Even had the plaintiff done so, *Gross* makes clear that such would have had no bearing on the court's analysis because the case holds that *Price Waterhouse* does *not* apply even in mixed-motives ADEA cases. The plaintiff maintains that *Gross* implies that an ADEA plaintiff no longer is saddled with a burden to prove pretext in the context of a *McDonnell Douglas* analysis. But *Gross*'s holding that the burden of persuasion on the issue of discriminatory intent does not shift in ADEA cases does not purport to alter the shifting burdens of production addressed in *McDonnell Douglas*. *See Baron v. New York City Dep't of Educ.* [No. 06-CV-2816 (FB)(MDG)], 2009 WL 1938975, *5 n.1 (E.D.N.Y. July 7, 2009) ("*Gross* ... in no way calls cases [applying the *McDonnell Douglas* framework to ADEA claims] into question."); *Mitchell v. UBS Services USA LLC* [No. 07-1651 (KSH)], 2009 WL 1856630, *8 n.10 (D.N.J. June 26, 2009) ("*Gross* did not rule out a *McDonnell Douglas* evidentiary analysis in non-mixed-motives cases brought under the ADEA."); *Misner v. Potter* [No. 2:07-CV-330 CW], 2009 WL 1872598, *2 n.2 (D. Utah June 26, 2009) ("The court does not understand *Gross* as altering the use of the *McDonnell Douglas* framework at summary

judgment on ADEA cases."). In fact, *Gross* is singularly *unhelpful* to plaintiffs bringing disparate treatment claims under the ADEA. This because now they will *always*, even in mixed-motives cases, both (1) retain at all times the burden of persuasion on the issue of the employer's discriminatory intent and (2) be required to prove that age was the "but-for" cause of a challenged employment action, rather than the lesser showing that age was merely "a motivating" factor. *See Gross*, 129 S.Ct. at 2351. Accordingly, the plaintiff's argument that *Gross* forbids a court from placing a burden on an ADEA plaintiff to prove pretext is without merit.

The court has considered the entire file in this action together with the magistrate judge's Report and Recommendation and the petitioner's objections and has reached an independent conclusion that the magistrate judge's Report and Recommendation is due to be adopted and approved. Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accordance with the recommendation, both of the plaintiff's motions to strike (Docs. 34 and 35) are due to be **DENIED**; Liberty National's motion to strike (Doc. 32) is due to be **GRANTED IN PART,** to the extent specified in the magistrate judge's Report and Recommendation but otherwise **DENIED**; and Liberty National's motion for summary judgment (Doc. 21) is due to be **GRANTED**. Accordingly, this action is due to be **DISMISSED WITH PREJUDICE**. An appropriate final order will be entered.

**DONE**, this 15th day of July, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE